IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH B. YOUNG,

          Petitioner,

v.                                    Civil Action No. 5:09CV16
                                                         (STAMP)
UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER
DENYING PETITION FOR MANDAMUS,
DENYING AS MOOT MOTION TO
PROCEED IN FORMA PAUPERIS
AND DISMISSING CIVIL ACTION**

    The pro se[1] petitioner, Joseph B. Young, filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody, alleging ineffective assistance of counsel.  On June 16, 2009, this Court entered a memorandum opinion and order affirming and adopting the report and recommendation of the magistrate judge denying the petitioner's § 2255 petition because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction.  That civil action, Civil Action No. 5:06-cv-147, was dismissed and stricken from the active docket of this Court.

    Prior to this Court entering that memorandum opinion and order, however, the petitioner filed a petition entitled "Mandamus-52 Am Jur 2d. § 21 Injustice or Hardship Attending Writ" raising

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1237 (7th ed. 1999).

identical issues to those raised in his § 2255 petition. This petition was filed as a new civil action, Civil Action No. 5:09-cv-16.

Because the petitioner's "Mandamus-52 Am Jur 2d. § 21 Injustice or Hardship Attending Writ" does not raise issues other than those which have been decided in this Court's June 16, 2009 memorandum opinion and order denying the petitioner's § 2255 petition in Civil Action No. 5:06-cv-147, the petitioner's writ must be DENIED and DISMISSED WITH PREJUDICE for those reasons discussed in the Court's order. To the extent that this petition is a notice of appeal of Civil Action No. 5:06-cv-147, it was filed prematurely.[2] Nevertheless, should the petitioner choose to appeal the judgment of this Court in Civil Action No. 5:06-cv-147 to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the

---

[2]The petitioner filed this petition on February 4, 2009, prior to this Court's June 16, 2009 memorandum opinion and order denying the petitioner's § 2255 petition in Civil Action No. 5:06-cv-147.

certificate.  In light of this Court's decision, the petitioner's motion to proceed in forma pauperis is also DENIED AS MOOT.

Should the petitioner choose to appeal the judgment of this Court concerning his "Mandamus-52 Am Jur 2d. § 21 Injustice or Hardship Attending Writ" to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered.  See Fed. R. App. P. 4(a)(1).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    June 16, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE